United States District Court
Middle District of Florida
Tampa Division

**GEORGE CLARK,**

    *Plaintiff,*

v.                                                                                          NO. 8:20-cv-2635-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

---

# Order

George Clark's lawyer, Michael A. Steinberg, requests as an attorney's fee $44,381.50 from Clark's past-due benefits. Docs. 32, 35.

## Background

Clark applied for disability-insurance benefits. Tr. 205–06. An Administrative Law Judge found him not disabled, Tr. 12–28, and the Appeals Council denied his request for review, Tr. 1–6. He and Steinberg entered into a contingent-fee agreement under which Steinberg agreed to represent him, and Clark agreed to pay Steinberg 25 percent of any past-due benefits. Doc. 32-1.

Steinberg filed a complaint, Doc. 1, and the Commissioner filed an 848-page administrative record, Doc. 16. Clark's brief was due September 24, 2021. Doc. 19. The Court granted two extensions requested by Clark due to Steinberg's "extremely heavy caseload." Docs. 20 (quoted), 21, 23 (quoted), 24. Steinberg filed an 11-page brief on November 5, 2021, arguing why the

Commissioner was wrong. Doc. 25. In response, the Commissioner moved to reverse the agency decision and remand the case. Doc. 26. The Court granted the motion, reversed the agency decision, and remanded the case for further agency proceedings. Doc. 27. The Court later granted Clark's EAJA request for $3,837.87 as an attorney's fee based on 18.4 hours of work. Doc. 30.

On remand, the agency awarded Clark past-due benefits of $177,526.00 and withheld 25 percent of the amount—$44,381.50—for an attorney's fee. Doc. 32-3. The agency issued a notice of award on June 30, 2024. *Id.* The current request followed.[1] Doc. 32. The Commissioner neither supports nor opposes the request. Doc. 33.

## Law & Analysis

For representation during court proceedings, 42 U.S.C. § 406(b) provides that an attorney who obtains remand may request a fee, and the court, as part of its judgment, may allow a reasonable fee that does not exceed 25 percent of past-due benefits. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1275–77 (11th Cir. 2006). The fee is from the past-due benefits. 42 U.S.C. § 406(b)(1)(A). "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019).

Separately, under the EAJA, 28 U.S.C. § 2412(d), a court must order the United States to pay an attorney's fee to a party who prevails against the United States, including in a social-security action, unless the United States'

---

[1]The notice of award is dated June 30, 2024. Doc. 32-3. "No later than fourteen days after receipt of a 'close-out' letter, a lawyer requesting an attorney's fee, payable from withheld benefits, must move for the fee and include in the motion: (1) the agency letter specifying the withheld benefits, (2) any contingency fee agreement, and (3) proof that the proposed fee is reasonable." Local Rule 7.01(e). Clark filed the fee request on July 11, 2024. Doc. 32. The request is timely.

2

position was substantially justified or special circumstances make an award unjust. *Id.* § 2412(d)(1)(A). The fee is based on the attorney's hours and rate, capped at $125 per hour, unless a special circumstance justifies more. *Id.* § 2412(d)(2)(A).

An attorney may obtain a fee under both § 406(b) and the EAJA but must refund the lesser fee to the claimant and may do so by deducting the EAJA fee from the § 406(b) fee. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

In evaluating an attorney's request for authorization to charge a § 406(b) fee based on a contingent-fee arrangement, a court must follow the framework in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). There, the Supreme Court endorsed the use of contingent-fee arrangements in social-security actions but cautioned that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The Court explained, "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. A downward adjustment "is in order," the Court continued, if the representation was substandard, the attorney was responsible for delay that increased past-due benefits, or the "benefits are large in comparison to the amount of time counsel spent on the case," creating a windfall for the attorney. *Id.*

*Gisbrecht* requires a claimant's attorney to show the requested fee "is reasonable for the services rendered." *Id.* at 807. In assessing reasonableness, "the court may require the claimant's attorney to submit, not as a basis for

3

satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808.

After *Gisbrecht*, to assess the reasonableness of a requested fee, courts have also considered the risk of litigation loss, the attorney's experience, the percentage of past-due benefits the requested fee would consume, the value of the action to the claimant, the difficulty of the action, and the claimant's consent to the requested fee. *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010).

To establish the requested fee of $44,381.50 is reasonable for the services rendered, Steinberg provides the following information. He spent 18.40 hours representing Clark. Doc. 32 at 7. He and Clark entered a contingent-fee agreement under which Clark agreed to pay him 25 percent of any past-due benefits for representation before the court. *Id.* The risk of litigation loss was substantial, as reflected by the previous denials at four levels of agency review. *Id.* The requested fee reflects the contingent nature of recovery and the results obtained. *Id.*

The Court directed Steinberg to supplement the fee motion to "explain (1) why the requested fee award should not be reduced, in accordance with *Gisbrecht*, 535 U.S. at 808, to account for the six-week delay attributable to him and (2) by how much the requested fee award should be reduced if at all." Doc. 34. In the supplement, Steinberg states, "It is unlikely that the additional six weeks it took [him] to prepare and submit [Clark's] brief delayed [Clark] in receiving … benefits." Doc. 35 at 2. He maintains that a reduction is not warranted, "but at most the reduction in the fees requested should be in the amount of $946.88." Doc. 35 at 3. He calculates the reduction amount by

4

multiplying $2,525.00 (Clark's monthly benefit as of December 2023) by six weeks and dividing that amount by four, 25 percent of which is $946.88. *Id.*

A $946.88 reduction in the requested fee award is warranted to account for the six-week delay. That delay was caused not by Clark or by the Commissioner but by Steinberg due to Steinberg's heavy workload. The generalities Steinberg provides (e.g., "sometimes attorneys receive multiple orders requiring the filing of briefs, all due within the same time parameters") are just that—generalities. They fail to persuade the Court that the additional time Steinberg needed to prepare the brief in this lawsuit because of his work for other clients did not result in delay, however slight.

For the reasons provided, the reduced amount ($43,434.62) is reasonable. The Court is mindful of *Gisbrecht*'s instruction that a downward adjustment is in order if the benefits are large compared to the time spent on the action. *See Gisbrecht*, 535 U.S. at 808. But considering the substantial risk of no award, the lack of opposition by the Commissioner, and that Clark's success may be attributed to Steinberg's skills and experience, "reap[ing] the benefit of [the] work" is appropriate. *See Jeter*, 622 F.3d at 381 (quoted).

Because Steinberg does not ask to deduct the amount of the EAJA award from his § 406(b) fee request, he must refund that amount to Clark, as he acknowledges he must do, Doc. 32 at 7–8.

5

## Conclusion

The Court:

1. **grants in part** the request, Doc. 32, as supplemented, Doc. 35;

2. **authorizes** Steinberg to charge Clark **$43,434.62** from past-due benefits for the successful representation of Clark; and

3. **directs** Steinberg to refund Clark the **$3,837.87** he received as an attorney's fee under the EAJA.

**Ordered** in Jacksonville, Florida, on October 7, 2024.

*PATRICIA D. BARKSDALE*
*United States Magistrate Judge*